**BMB Law Firm, P.C.**
60 Park Place, Suite 1000
Newark, New Jersey 07102
(973) 693-4444
Attorney I.D.: 007292005
*Attorneys for Plaintiffs*

| | |
|---|---|
| SHYKIL FERRELL  *Plaintiff*,  v.  ESSEX COUNTY; ESSEX COUNTY CORRECTIONAL FACILITY; ESSEX COUNTY DEPARTMENT OF CORRECTIONS; ALFARO ORTIZ; CHARLES GREEN; "SERGEANT TAYLOR" (FIRST NAME UNKNOWN); JOHN DOE OFFICERS 1-5 (FICTITIOUS PERSONS); JOHN DOES 6-10 (FICTITIOUS PERSONS); ABC PUBLIC ENTITIES 1-5 (FICTITIOUS ENTITIES).  *Defendants*. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY  CASE NO.:  **CIVIL ACTION**  COMPLAINT AND JURY TRIAL DEMAND |

## JURISDICTIONAL STATEMENT AND PARTIES

1. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Eighth and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 and § 1343 in that this is an action to redress violations of Plaintiff's federally protected Constitutional rights.

3. At all times material hereto, Plaintiff, Shykil Ferrell, is and was a permanent legal resident of the United States, and a resident of Essex County, New Jersey.

4. Defendant, County of Essex ("County") is a political subdivision of the State of New Jersey formed pursuant to the laws of the State of New Jersey.

5. Defendant, Essex County Department of Corrections ("EDOC") is a division of the County of Essex which exists under the authority of the County of Essex. The Department of Corrections oversees the functions of the Essex County Correctional Facility. It is responsible for the policies, practices and functions of County Corrections.

6. Upon information and belief, Defendant, Essex County Correctional Facility ("ECCF") is a subdivision of the Essex County Department of Corrections. The facility is where individuals charged with criminal offenses are held pending the attainment of bail or the disposition of their criminal matter.

7. Defendant, Alfaro Ortiz ("Ortiz") is the Director of the Essex County Department of Corrections. In that capacity, he is responsible for the creation and implementation of policies, practices and functions of the Essex County Department of Corrections and the Essex County Correctional Facility.

8. Defendant, Charles Green ("Green") is the Warden for the Essex County Department of Corrections and the Essex County Correctional Facility. In that capacity, he is responsible for the creation and implementation of policies, practices and functions of the Essex County Department of Corrections and the Essex County Correctional Facility.

9. Defendant Sergeant Taylor (First Name Unknown) ("Sgt. Taylor") was at all times relevant acting under color of state law as a correction officer at the Essex County Correctional Facility in such capacity, as the agent, servant, and employee of Defendants County, EDOC, ECCF, Ortiz, and Green.

10. John Doe Officers 1-5 were at all times relevant acting under color of state law as corrections officers at the Essex County Correctional Facility in such capacity, as the agent, servant, and employee of Defendants County, EDOC, ECCF, Ortiz, and Green.

11. John Does 6-10 are fictitious names for persons unknown at this time but will be

substituted when known as associated, affiliated or liable hereunder for the reasons set forth below or inferred therefrom. supervisors, employees, managers, agents, assigns and heirs of the County of Essex, and or other individuals unnamed who participated in any decisions concerning the failure to provide timely and adequate medical attention to the Plaintiff.

12. ABC Public Entities 1-5 are fictitious names for entities unknown at this time but will be substituted when known as associated, affiliated or liable hereunder for the reasons set forth below or inferred therefrom.

13. All Defendants are sued in their official and individual capacity.

14. The acts and practices constituting the violations alleged below have all occurred within the County of Essex, which is properly within the jurisdiction of the United States District Court in and for the District of New Jersey. Venue in the District of New Jersey, Newark Division, is proper because the incident which is the subject of this lawsuit occurred in Essex County, New Jersey. See 28 U.S.C. § 1391(b)(1) and § 1391(b)(2).

15. Plaintiff has retained BMB Law Firm to represent his interests in prosecuting this action, and said law firm is entitled to its reasonable attorneys' fees and costs incurred in connection therewith.

**STATEMENT OF FACTS**

16. Plaintiff began his detention at the Essex County Correctional Facility on March 18, 2016. During his period of detention, Plaintiff was within the continuous exclusive custody, supervision and control of the Defendants.

17. On August 15, 2016, Plaintiff was in Lockup Cell #222 at Defendant ECCF located at 354 Doremus Avenue, City of Newark, County of Essex, State of New Jersey.

18. Defendants Sgt. Taylor and John Doe Officers 1-5 entered Lockup Cell #222 and

3

physically seized Plaintiff.

19. Plaintiff was transported to the shower area in lockup by Defendants Sgt. Taylor and John Doe Officers 1-5.

20. Upon entry into the shower area, Defendants Sgt. Taylor and John Doe Officers 1-5 began aggressively punching and stomping on Plaintiff's body and face.

21. These intentional punches and stomps resulting in a substantial fracture to Plaintiff's jaw bone. The deliberate and brutal attack by Defendants was both the direct and proximate cause of Plaintiff's jaw fracture.

22. Defendants Sgt. Taylor and John Doe Officers 1-5 transported Plaintiff back to lockup without medical attention, despite Plaintiff's repeated requests for same.

23. Plaintiff, who was experiencing extreme pain, was held in lockup without medical attention for over twenty-four (24) hours.

24. Defendants Sgt. Taylor and John Doe Officers 1-5 failed to provide medical assistance to Plaintiff despite his ongoing severe pain.

25. Furthermore, Defendants County, ECCF, EDOC, Ortiz, and Green demonstrated reckless and deliberate indifference to Plaintiff's painful medical condition by:

    a. Failing to implement customs and polices regarding the medical treatment provided to inmates which in effect authorize Defendants agent and employees to disregard severe injuries requiring immediate medical attention absent a fear of punishment.

    b. Failing to provide more or different training, supervision, investigation or discipline to prevent use of excessive force resulting in unreasonable and unjustified physical pain and suffering, emotional trauma and suffering under the Eighth and Fourteenth Amendments.

4

    c.    Failing to implement policies and procedures to insure the proper medical staff are made continuously available to ensure that prisoners, like Plaintiff, receive adequate care.

**26.** **Defendant CFG Health Systems, LLC ("CFG Health") failed to provide adequate and necessary medical care for Plaintiff's severe injuries.**

**********************

27.    All defendants are sued in their individual and official capacities.

### COUNT I
### PLAINTIFF v. DEFENDANTS SGT. TAYLOR AND JOHN DOE OFFICERS 1-5
### EXCESSIVE FORCE

28.    Plaintiff, Shykil Ferrell, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 28 as if set forth fully herein, and further states as follows.

29.    As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants Sgt. Taylor and John Doe Officers 1-5, acting in their capacity as corrections officers, Plaintiff suffered grievous bodily harm and was deprived of his constitutional right under the Eighth Amendment to not be subjected to cruel and unusual punishment.

30.    Furthermore, as a direct and proximate result of Defendants' intentional act, Plaintiff was deprived of his rights under the Fourth and Fourteenth Amendments of the United States Constitution to be secure in his person against unreasonable seizure in that:

    a.    Defendants used excessive force in effecting the seizure of Plaintiff and

    b.    Defendants' actions were done without any degree of objective reasonableness.

31. Therefore, Defendants Sgt. Taylor and John Doe Officers 1-5, violated 42 U.S.C. § 1983 by intentionally inflicting serious bodily harm to Plaintiff in violation of his rights under the Eighth, Fourth, and Fourteenth to the United States Constitution.

32. As a direct and proximate result of these Defendants' intentional violation of Plaintiff's constitutional rights, Plaintiff suffered serious injuries to his jaw, causing extended periods of severe pain and requiring medical treatment. Plaintiff has in the past and will in the future suffer great pain and suffering, mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

33. Furthermore, the acts of Defendants Sgt. Taylor and John Doe Officers 1-5 as set forth above were intentional, wanton, malicious, and oppressive, thus entitled Plaintiff to an award of punitive damages.

34. WHEREFORE, Plaintiff demands the following relief against Defendants:

    a. An award of compensatory damages;

    b. An award of punitive damages;

    c. An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

    d. An award of such other and further relief the Court deems just and appropriate.

**COUNT II**
**PLAINTIFF v. SGT. TAYLOR and JOHN DOE OFFICERS 1-5**
**FAILURE TO PROVIDE ADEQUATE MEDICAL TREATMENT**

35. Plaintiff, Shykil Ferrell, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 35 as if set forth fully herein, and further states as follows:

36. Defendants Sgt. Taylor and John Doe Officers 1-5 violated 42 U.S.C. § 1983 by failing to provide adequate medical care in violation of his rights under the Eighth and Fourteenth to the United States Constitution to not be subjected to cruel and unusual punishment.

37. Defendants Sgt. Taylor and John Does Officers 1-5, while acting in their capacity as correction officers for Defendant County and under the color of law, did show a deliberate indifference to Plaintiff's need for medical treatment.

38. In the twenty-four (24) hours following the Defendants' attack on Plaintiff, Plaintiff repeatedly requested medical attention for the radiating pain and swelling to his jaw area.

39. Defendants Sgt. Taylor and John Doe Officers 1-5 knew the seriousness of Plaintiff's injuries and intentionally disregarded same by sending him back to lockup without providing any medical treatment, despite Plaintiff's repeated pleas for medical treatment.

40. As a direct and proximate result of Defendants' failure to provide timely and adequate medical treatment, Plaintiff suffered serious and permanent injuries.

41. Furthermore, as a direct and proximate result of Defendants' failure to provide timely and adequate medical treatment, Plaintiff has in the past and will in the future suffer great pain and suffering, mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

42. The acts of Defendants as set forth above were intentional, wanton, malicious, and oppressive, thus entitled Plaintiff to an award of punitive damages.

43. WHEREFORE, Plaintiff demands the following relief against Defendant:

a. An award of compensatory damages;

b. An award of punitive damages;

c. An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

d. An award of such other and further relief the Court deems just and appropriate.

## COUNT III
### PLAINTIFF v. COUNTY, ECCF, EDOC, ORTIZ, and GREEN
### CONSTITUTIONAL VIOLATIONS BY DEFENDANTS' AGENTS, SERVANTS, and EMPLOYEES

44. Plaintiff, Shykil Ferrell, re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 43 as if set forth fully herein, and further states as follows:

45. This cause of action is brought by Plaintiff against Defendants County, ECCF, EDOC, Ortiz, and Green for deprivation by its agent, servant, and employee of constitutional rights within the meaning of 42 U.S.C. § 1983 in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

46. Defendants Sgt. Taylor and John Doe Officers 1-5 were acting under the color of law, as authorized agents of Defendants County, ECCF, EDOC, Ortiz and Green when they utilized excessive force against Plaintiff and failed to provide timely and adequate medical treatment.

47. The constitutional deprivation was caused by Defendants numerous areas of deliberate indifference as outlined above in Paragraphs 1 through 44, including:

   a. Customs and polices regarding the medical treatment provided to inmates which in effect authorize Defendants agent and employees to disregard severe injuries requiring immediate medical attention absent a fear of punishment.

   b. The need for more or different training, supervision, investigation or discipline to prevent use of excessive force resulting in unreasonable and

        unjustified physical pain and suffering, emotional trauma and suffering under the Eighth and Fourteenth Amendments.

    c.    The need for policies and procedures to insure the proper medical staff are made continuously available to ensure that prisoners, like Plaintiff, receive adequate care.

48.    Moreover, at all times material hereto, Defendants were responsible for implementing the rules and regulations in regard to hiring, retaining, screening, training, supervising, controlling, disciplining and assigning agents to their duties in the County of Essex.

49.    The deliberate indifference of Defendants exhibited a reckless, wanton, and callous disregard for the rights of persons, including the Plaintiff, who might be brutally assaulted, injured, battered or otherwise maimed by its agents while under the complete and sole control of the County; and who might as a result of said injuries not receive the timely and adequate medical treatment they are entitled to and require.

50.    As a direct and proximate result of the acts of Defendants Sgt. Taylor and John Doe Officers 1-5 while Defendants were agents, servants, and employees of Defendants, and the unconstitutional policies, customs and practices of Defendants, Plaintiff has been damaged, including but not limited to physical injuries as well as emotional distress which were caused, activated or otherwise aggravated by the subject incident, and Plaintiff shall incur further medical losses and impairments in the future as a direct and proximate result of the intentional acts of Sgt. Taylor and John Doe Officers 1-5.

51.    As a direct and proximate result of the acts of Defendants Sgt. Taylor and John Doe Officers 1-5, while acting as agents, servants, and employees of Defendants, and the unconstitutional policies, customs and practices of Defendants, Plaintiff has in the past and will

in the future suffer great pain and suffering, mental anguish, as well as shame, humiliation, and the loss of capacity for the enjoyment of life.

    a.    WHEREFORE, Plaintiff demands the following relief against Defendants:

    b.    An award of compensatory damages;

    c.    An award of punitive damages;

    d.    An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

    e.    An award of such other and further relief the Court deems just and appropriate.

**BMB LAW FIRM**
Attorneys for Plaintiff, Shykil Ferrell

/s/    *Brooke Barnett*
_____
BROOKE M. BARNETT, ESQ.

Dated: August 14, 2018

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues herein.

**BMB LAW FIRM**
Attorneys for Plaintiff, Shykil Ferrell

/s/    *Brooke Barnett*
_____
BROOKE M. BARNETT, ESQ.

Dated: August 14, 2018

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Shykil Ferrell

**(b)** County of Residence of First Listed Plaintiff: Essex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BMB Law Firm
60 Park Place, Suite 1000
Newark, NJ 07102    Phone: 973-693-4444

### DEFENDANTS
ESSEX COUNTY CORRECTIONAL FACILITY et. al.

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
Excessive Force, Failure to Provide Adequate Medical Attention, Constitutional Deprivation by Agent/Employee

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 08/14/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____